UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NELSON S CABUGAO,

        Plaintiff(s),                        No. C 09-0240 PJH

  v.                                     **ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**

MICHAEL MUKASEY, et al.,

        Defendant(s).

_____/

       The complaint in this matter was filed on January 20, 2009 and an initial case management conference was scheduled for April 23, 2009.  Counsel for defendants appeared at the conference although they had not been properly served.  Neither plaintiff nor anyone on his behalf appeared or filed a case management statement in compliance with the orders of the court.  Defendants' counsel represented that numerous calls were placed to plaintiff's counsel with no success.  At some point counsel was advised that plaintiff's counsel of record, Ms Dubowski, had left the firm.  Court staff similarly had no success in reaching plaintiff's counsel of record.  Accordingly, the court issued an order to show cause ("OSC") directing plaintiff to appear and show cause why the complaint should not be dismissed for failure to prosecute and noting that the court had been advised that Ms Dubowski no longer worked for the ASK firm.

       On April 30, 2009, a week after the OSC issued, plaintiff filed a notice of substitution of counsel, substituting Thomas Stefanski, of the same firm, for Lisa Dubowski.  The timing of this filing suggests that it was in response to the court's OSC.  yet, no one appeared at the hearing on the OSC for plaintiff and defense counsel advised that she has been unable to reach either attorney.

1 | Plaintiff having failed to comply with two of the court's orders and having failed to appear on two occasions, and the court having considered the five factors set forth in *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987), and having determined that notwithstanding the public policy favoring the disposition of actions on their merits, the court's need to manage its docket and the public interest in the expeditious resolution of the litigation require dismissal of this action. In view of plaintiff's lack of response to this court's prior order(s), the court finds there is no appropriate less drastic sanction. Accordingly, this action is dismissed with prejudice pursuant to Fed. R. Civ. pro. 41(b) for plaintiff's failure to prosecute.

SO ORDERED.

Dated: May 22, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge